UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN W. BRANTIGAN,

    Plaintiff,

    v.

DEPUY SPINE, INC.,

    Defendant.

Case No. C08-0177RSL

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL REGARDING DAMAGES AND DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

## I. INTRODUCTION

This matter comes before the Court on defendant's motion to compel disclosure and discovery regarding plaintiff's alleged damages. After defendant filed its motion, plaintiff filed a motion for a protective order. For the reasons set forth below, the Court grants defendant's motion to compel and denies plaintiff's motion for a protective order.[1]

## II. DISCUSSION

Defendant moves to compel the following: (1) complete responses to Interrogatories Nos. 8 and 9 of its first set of interrogatories, which request "a calculation of all money damages that

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, the parties' request for oral argument is denied.

ORDER REGARDING MOTION TO COMPEL
AND MOTION FOR PROTECTIVE ORDER - 1

you are seeking in this action" including allegedly underpaid royalties, the "basis for each item or category of damages," the items for which plaintiff was allegedly underpaid, and the identity of related documents; (2) production of documents responsive to Requests for Production Nos. 12 and 13 of defendant's first set of requests for production, which request all documents concerning the money damages plaintiff seeks in this action; and (3) disclosures required by Fed. R. Civ. P. 26(a) for each category of damages sought.

**A.     Meet and Confer Requirement.**

As an initial matter, plaintiff argues that the parties did not meet and confer regarding all issues before defendant filed this motion. Specifically, plaintiff notes that this motion was the first time he learned that defendant believed his initial disclosures and document production were incomplete. In addition, although the parties conferred regarding plaintiff's interrogatory responses, plaintiff agreed to supplement the responses and did so, but defendant filed the motion without first notifying plaintiff that the supplementation did not cure the problem. The Court finds that the parties did not meet and confer as required by the Rules prior to filing this motion. Parties must meet and confer to an impasse after all documents and supplemental responses have been exchanged. They did not do so here. In addition, if the parties had truly complied with the letter and spirit of the meet and confer requirement, neither party would contest that the requirement had been met.

Although defendant filed this motion prematurely, it is clear that no purpose would be served by requiring them to confer again. Plaintiff stated unequivocally in his response to this motion, "***The discovery that DePuy's Motion seeks has either been produced or is listed on Dr. Brantigan's Privilege Log.***" Opposition at p. 1 (emphasis in original). In addition, the parties did confer to an impasse regarding the audit report, which, as discussed more fully below, is at the heart of this dispute. Accordingly, this matter is ripe for adjudication.

Although the Court considers the issues in the present motion, it will not consider any additional discovery motions brought before the parties have fully complied with their meet and

ORDER REGARDING MOTION TO COMPEL
AND MOTION FOR PROTECTIVE ORDER - 2

1 confer obligations and both parties agree that they have done so.  If any motions are brought
2 without fully meeting and conferring, sanctions will be imposed.  In addition, the Court notes
3 that the parties have had an inordinate number of discovery disputes in a short period of time.
4 Because the usual meet and confer practices seem to be ineffective in this case, the parties will
5 be required to meet and confer in person prior to filing any additional discovery motions.  The
6 meet and confer conference must take place *after* the parties have produced and reviewed all
7 responsive information.  If the parties produce additional discovery after the conference, counsel
8 must meet and confer again, by telephone or in person, prior to filing any discovery motion.

**B.     The Initial Disclosures, Discovery Responses, and Audit Report.**

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to provide "a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  In his initial disclosures, plaintiff stated that he "is not able to provide an analysis or computation of total damages but will seek all damages available under the law."  Declaration of Kathleen Burke, (Dkt. #38) ("Burke Decl."), Ex. 3 at p. 4.  Plaintiff responded to the damages interrogatories by stating that relevant information can be found in royalty reports defendant previously provided him and in related correspondence.  However, none of those documents includes a damages calculation or information from which one could be readily ascertained.

In essence, plaintiff has provided no useful information in his initial disclosures or in response to defendant's discovery requests.  Instead, he has stated that he cannot respond until he receives defendant's discovery and expert reports.  Certainly, the Court cannot compel plaintiff to produce information he does not have.  However, plaintiff currently has at least three pieces of information to which defendant is entitled.  First, although it is understandable that plaintiff may not be able to ascertain the full extent of his damages prior to viewing defendant's

discovery, plaintiff must at least identify the categories of damages he seeks. That information is currently known to him even if the exact numbers are not. Second, even though plaintiff averred in his complaint, subject to Rule 11, that defendant withheld royalties, he has not identified a single product for which defendant allegedly owes him additional royalties. He has not explained why he needs defendant's discovery responses or an expert's opinion to provide basic responsive information to support the damages allegations in his complaint. Accordingly, plaintiff will be required to identify the products for which defendant allegedly withheld royalties and the basis for his claim for additional royalties and to produce related documents.[2] In addition, plaintiff is warned that he will not be permitted to introduce evidence later that is currently in his possession but not disclosed. If plaintiff discovers additional evidence and new products during the course of discovery, he can supplement his discovery responses.

Third, plaintiff has a report and related documents regarding an audit of defendant's records conducted on his behalf in October 2006. Following the audit, in April 2007, plaintiff's counsel wrote to defendant, noted that the audit revealed that defendant had underpaid plaintiff by over $3 million, and requested payment (the "April 2007 letter"). Undisputedly, the audit report and related documents are relevant and responsive as they directly relate to plaintiff's alleged damages. Plaintiff has refused to produce the documents, contending that they are work product. Federal Rule of Civil Procedure 26(b)(3)(A) provides, "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." A party can obtain such documents if they are

---

[2] In its reply, defendant also requests that the Court compel plaintiff to provide additional information regarding his claims that defendant failed to provide him professional recognition and failed to use its best efforts to commercialize his products. Reply at p. 3. To the extent that defendant seeks additional information about the amount of plaintiff's related damages, plaintiff must produce that information. To the extent that defendant seeks additional facts underlying those allegations, they are the subject of separate interrogatories that are outside the scope of this motion, and counsel has not certified that they met and conferred regarding those issues. Accordingly, they are not properly before the Court.

ORDER REGARDING MOTION TO COMPEL
AND MOTION FOR PROTECTIVE ORDER - 4

otherwise discoverable and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Plaintiff bears the burden of establishing that work product protection applies to each specific document. See, e.g., Heath v. F/V Zolotoi, 221 F.R.D. 545, 549 (W.D. Wash. 2004). In the Ninth Circuit, courts consider whether, "'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" In re Grant Jury Subpoena v. Torf, 357 F.3d 900, 907 (9th Cir. 2003) (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 Federal Practice & Procedure § 2024 (2d ed. 1994)). The "because of" standard requires consideration of "the totality of the circumstances." Id. at p. 908.

In this case, it does not appear that the audit report was prepared in anticipation of litigation. The audit was conducted in October 2006, over a year before the complaint was filed in February 2008. The April 2007 letter was written approximately seven months after the audit and did not threaten litigation. Instead, that letter suggested an amicable resolution to the matter. In addition, the April 2007 letter states that the audit was conducted "pursuant to the Agreement," which explicitly provides plaintiff a right to audit defendant's records. Burke Decl., Ex. 2. The timing and circumstances surrounding the audit show that it was conducted for a routine business purpose pursuant to the parties' contract. Documents created for routine business purposes, rather than in anticipation of litigation, are not work product. See, e.g., Heath, 221 F.R.D. at 550.

Although plaintiff's memorandum opposing this motion states that the audit and related documents "were created at counsel's direction to assist Dr. Brantigan's counsel in assessing DePuy's failure to comply with the [contract]," he does not cite to any evidence in the record to support that assertion. Plaintiff's Opposition at p. 11. The memorandum is signed by an attorney who is not the same counsel who signed the April 2007 letter. Nor has plaintiff attached any declarations from himself or counsel explaining the circumstances surrounding the

audit. None of counsel's declarations states that they requested the audit or the report or that they were involved in any way. The entries in plaintiff's privilege log are not explained. The memorandum's conclusory assertion that litigation "was necessarily contemplated by the parties" is insufficient to carry plaintiff's burden. Plaintiff's Opposition at p. 11; Heath, 221 F.R.D. at 549 ("More than the mere possibility of litigation must be evident for materials to be considered immune from discovery under the work product doctrine") (internal citation and quotation omitted). Accordingly, plaintiff has not shown that the audit report and underlying documents, including any working papers, were prepared in anticipation of litigation. They are not subject to work product protection and must be produced.

Even if the documents were subject to work product protection, the Court would order them produced. Defendant has shown a substantial need to obtain the documents and cannot, without undue hardship, obtain their substantial equivalent by other means. If plaintiff had been more forthcoming in his initial disclosures and discovery responses, defendant might not have a substantial need for the audit report and related documents. However, other than the April 2007 letter, plaintiff has refused to provide any calculation of his damages or any documents from which that information could be gleaned. Defendant should not be required to await plaintiff's expert disclosures, due over eight months after this litigation commenced, to learn basic information about plaintiff's claimed damages.

In addition, even if the audit report were work product, plaintiff has waived the protection by using the audit's conclusions as a sword. He cannot simultaneously use the report as a shield or selectively and self-servingly disclose only a portion of the report. See, e.g., Kintera, Inc. v. Convio, Inc., 219 F.R.D. 503, 512-13 (S.D. Cal. 2003). As the court noted in Kintera, "A party cannot expect to preserve the confidentiality of work product while simultaneously disclosing substantive components of that document." Id. at 513. Similarly, in this case, plaintiff cannot claim that the audit report is work product after disclosing both the reports' conclusions and the fact that those conclusions were contained in the audit report. Id. at 512-13. Plaintiff cannot

reasonably have believed that, after he disclosed the auditor's conclusions, defendant would not seek to learn the basis for those conclusions. However, the waiver does not extend to communications between plaintiff and his counsel about the audit which are protected by the attorney client privilege. Of course, documents like the audit report are not privileged simply because they are appended to attorney client privileged communications.

Finally, both sides request an award of their fees and costs for filing and responding to the motion, respectively, pursuant to Fed. R. Civ. P. 37. However, both parties are at fault for the discovery dispute. Plaintiff has withheld discoverable information, and defendant prematurely (1) filed this motion and (2) subpoenaed the records, as set forth below. Accordingly, the Court declines to award either of them fees or costs.

**C.  Plaintiff's Motion for a Protective Order.**

After the briefing was complete on defendant's motion to compel, defendant issued a subpoena to Dispute Analytics LLC, the entity that apparently prepared the audit report, to obtain a copy of the audit report and related documents. Defendant has not explained its rush to subpoena the records without awaiting a ruling from the Court on its pending motion to compel. Nor is any explanation obvious, particularly when the discovery deadline of December 2008 is months away. It therefore appears that, as plaintiff argues, defendant was attempting to preempt any ruling from the Court by seeking the documents directly from a third party. That conduct is plainly improper. The Court, however, lacks the power to quash the subpoena because it was issued by the United States District Court for the District of Maryland. For this reason, plaintiff has requested that the Court enjoin defendant from seeking to enforce it.

Although defendant prematurely subpoenaed the records, the Court cannot find that plaintiff will face irreparable injury absent an injunction or that the balance of hardships tips in its favor. The Court has required plaintiff has to produce the audit report and related documents anyway. Therefore, plaintiff's motion for a protective order is denied. Hopefully, with the

guidance of this order, the parties can resolve the issue of the subpoena amicably.[3]

## III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion to compel (Dkt. #37) and DENIES plaintiff's motion for a protective order (Dkt. #64). Within ten days of the date of this order, plaintiff must provide a computation of his damages and related documents are required by Fed. R. Civ. P. 26(a)(1)(A)(iii) and provide complete responses to defendant's discovery requests, including producing a copy of the audit report and related documents.

DATED this 12th day of September, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Given both parties' counsel's conduct up to this point, the Court is not optimistic about their ability to resolve the dispute over the subpoena amicably. The Court therefore offers the following guidance. If this Court had issued the subpoena, it would quash it as prematurely sought before the Court ruled on the related motion to compel. It would also permit defendant to seek the documents from Dispute Analytics only after plaintiff produced the audit report and related documents, and only if those disclosures were somehow incomplete.

ORDER REGARDING MOTION TO COMPEL
AND MOTION FOR PROTECTIVE ORDER - 8