UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN W. BRANTIGAN,

    Plaintiff,

  v.

DEPUY SPINE, INC.,

    Defendant.

Case No. C08-0177RSL

ORDER GRANTING MOTION
TO DISMISS COUNT TWO
OF THE COMPLAINT

## I. INTRODUCTION

This matter comes before the Court on defendant's motion to dismiss count two of the complaint, which seeks a declaratory judgment, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).[1] Defendant argues that the Court lacks subject matter jurisdiction over the claim because there is no actual controversy. The Court heard oral argument in this matter on September 25, 2008. For the reasons set forth below, the Court

---

[1] Defendant erroneously filed the motion under Fed. R. Civ. P. 12(b)(1) after it filed its answer. However, the Court nevertheless considers the motion under the alternate grounds in Fed. R. Civ. P. 12(h)(3), as requested by defendant, because lack of subject matter jurisdiction is not subject to waiver. Plaintiff alleges that any conflict between the facts asserted in the complaint and in extraneous documents cited by defendant must be resolved in plaintiff's favor. However, the Court has not relied on any disputed facts.

ORDER GRANTING
MOTION TO DISMISS - 1

grants defendant's motion.

## II. DISCUSSION

Dr. John Brantigan is the primary inventor of numerous patented devices used in orthopedic surgery. Defendant designs, manufactures, and supplies orthopedic devices and supplies. It is the successor in interest to a company to which plaintiff assigned the rights to some of his inventions in exchange for royalties. Dr. Brantigan alleges that defendant breached that contract. Count two of the complaint seeks a declaratory judgment regarding the term of the contract, which provides, in relevant part,

> The term of this Agreement (the 'Term') shall commence on the date hereof and shall terminate on the expiration date of the last to expire of the Brantigan Patents or any other U.S. patent issued in connection with any Project Invention and/or any System.

Declaration of Bradley Keller, (Dkt. #29), Ex. 1 at ¶ 7(a). The "Brantigan Patents" are listed in a schedule attached to the contract. Two of them have expired, and the others will expire by 2013 if not before. Dr. Brantigan seeks a declaratory judgment that "DePuy is bound to its obligations to continue paying royalties through the dates contemplated by the [contract], and in no event before January 10, 2023." Complaint at ¶ 5.3.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." To the extent that plaintiff seeks a declaration that defendant is obligated to pay royalties through the date set forth in the contract, that request seeks nothing more than a reiteration of the contract language. The Court will not issue a declaratory judgment to state the obvious: that defendant is required to comply with the contract.

To the extent that plaintiff seeks a declaration that defendant is required to pay royalties until at least January 10, 2023, the Court must determine if that claim presents an actual controversy that is ripe for adjudication. The Supreme Court has explained the actual controversy requirement as follows: "The disagreement must not be nebulous or contingent but

must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effects its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 244 (1952); see also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937) (explaining that a controversy must not be "an advisory opinion advising what the law would be upon a hypothetical state of facts").

In this case, the controversy has not yet taken on a "fixed and final shape." Public Serv. Comm'n of Utah, 344 U.S. at 244. Defendant's obligation to pay royalties could end before 2023 depending on future, uncertain, events. For example, defendant may have no obligation to pay royalties if none are owed based on market conditions or sales. Moreover, the 2023 date is based on one particular patent. Other patents have earlier expiration dates. Any of the patents could be held invalid, or additional maintenance fees could be paid to continue them. Declaratory relief is not appropriate to resolve a dispute that, like this one, is based "on future contingencies that may or may not occur." See, e.g., Clinton v. Acequia, Inc., 94 F.3d 568, 572 (9th Cir. 1996).

In an attempt to show a concrete dispute, plaintiff argues that before he filed this lawsuit, defendant's in-house counsel stated, on three separate occasions, "that the term of the [contract] ended at the expiration date of the Brantigan Patents, period." Plaintiff's Opposition at p. 2. Defendant's pre-litigation position, however, does not support the relief that plaintiff seeks. Counsel's pre-litigation statements might have supported seeking a declaration that the royalty obligation does not end automatically when the Brantigan Patents expire.[2] However, plaintiff

---

[2] The Court has considered *sua sponte* granting plaintiff leave to amend to assert that claim but declines to do so for two reasons. First, because plaintiff has not asserted that claim, it is unclear whether he desires such relief. Second, even if he had asserted it, that claim is now moot. Defendant has acknowledged in its filings and during oral argument that the contract does not expire automatically when the Brantigan Patents expire. Defendant's Reply at p. 2. Defendant is bound by that position.

ORDER GRANTING
MOTION TO DISMISS - 3

did not seek that declaration. The complaint requests a broader declaration based on uncertain future events.

Plaintiff also argues that a declaration is necessary so he can evaluate the value of his rights under the contract, possibly in connection with the sale of those rights to a third party. The Court's function, however, is to adjudicate claims between parties, not to facilitate a sale.

Finally, plaintiff states that the Court must grant him an opportunity to conduct discovery on the jurisdictional issue and contends that "[m]uch of the uncertainty that exists stems from DePuy's failure to comply with its discovery obligations to identify what U.S. patents have been 'issued in connect with' Project Inventions." Plaintiff's Opposition at p. 13. However, defendant has supplemented its discovery response to further explain its position, and its supplemental response is sufficient. Also, it is plaintiff's obligation to make a showing that *his claim* is based on something more than hypothetical and uncertain events. He has not done so.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Dkt. #28) and dismisses count two of the complaint.

DATED this 3rd day of October, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 4